# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CATAPULT COMMUNICATIONS CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06 VC 6112 |
| v. | ) |
| | ) Wayne R. Andersen |
| LEWIS N. FOSTER , | ) District Judge |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| LEWIS N. FOSTER , | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CATAPULT COMMUNICATION CORP., | ) |
| | ) |
| Counter-Defendant, | ) |
| and | ) |
| | ) |
| DR. RICHARD A. KARP, | ) |
| | ) |
| Third party Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Third-Party Defendant Dr. Richard Karp to dismiss the claims asserted by Defendant/Counter-Plaintiff Lewis Foster against Dr. Karp. Dr. Karp has filed his motion pursuant to Fed.R.Civ.P. 12(b)(1) and (2) asserting that this Court lacks subject matter jurisdiction over the asserted claims and also lacks personal jurisdiction over Dr. Karp. For the following reasons, the motion to dismiss is denied.

## BACKGROUND

This action was originally filed by Catapult Communications Corp. ("Catapult") against Foster, asserting claims for trade secret misappropriation, breach of contract, and violation of the Federal Computer Fraud Act, 18 U.S.C. § 1030. These original claims are based upon the alleged actions of Defendant Foster (a former Catapult salesman), who allegedly misappropriated some of Catapult's confidential information when he left Catapult in April of 2003 to go work for a competitor, a company called IpNetfusion. While at IpNetfusion (now called Nethawk), Foster allegedly disclosed Catapult's confidential information to others at IpNetfusion/Nethawk and used that information to compete against Catapult.

Foster claims that last summer, he learned that Dr. Karp, Catapult's CEO and largest shareholder, contacted at least one of Foster's clients, Motorola, and allegedly falsely stated that Foster accessed Motorola's computer network without authorization while on Motorola's premises. Foster then amended the pleadings to add a counterclaim against Catapult and third-party claims against Dr. Karp, Catapult's Chairman and CEO.

Foster's claims against Catapult and Dr. Karp consist of two separate state law claims: tortious interference with contract against Dr. Karp and tortious interference with business advantage against both Dr. Karp and Catapult. The claims against Dr. Karp are not counterclaims, but are third-party claims. Dr. Karp was joined in this litigation by Foster's motion under Fed. R. Civ. P. 20. The only jurisdictional basis asserted by Foster for these claims is the supplemental jurisdiction statute, 28 U.S.C. § 1367.

Dr. Karp has filed this motion to dismiss, arguing that: 1) the Court lacks subject matter jurisdiction because the amount in controversy requirement is insufficient to invoke diversity

subject matter jurisdiction; and 2) the Court has no personal jurisdiction over him. We will address each of these arguments in turn.

## DISCUSSION

I. Subject Matter Jurisdiction

The standard applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(1) is similar to that for a Rule 12(b)(6) motion. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *Sprint Spectrum L.P. v. City of Carmel, Indiana,* 361 F.3d 998, 1001 (7th Cir. 2004).

Dr. Karp first asserts that this Court lacks subject matter jurisdiction over the Third Party Complaint because the amount in controversy is insufficient to invoke diversity jurisdiction. However, we find that we do have jurisdiction because the Complaint in the underlying action against Foster is based, in part, on federal question jurisdiction since a claim is brought under the Federal Computer Fraud Act. Therefore, under 28 U.S.C. § 1367(a), we have supplemental jurisdiction over all claims that are so related to claims in the original action that they form part of the same case or controversy. *See Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008). As such, the amount in controversy requirement of diversity jurisdiction is immaterial.

In this case, we find that we do have subject matter jurisdiction over the Third Party Complaint because its allegations arise from facts common to those at issue in the underlying matter. The underlying lawsuit involves claims that Foster and Nethawk allegedly engaged in unfair and unlawful competition with Catapult. The acts described in the Third Party Complaint

3

involve claims that Dr. Karp (Catapult's CEO and largest shareholder) allegedly contacted one of Foster's clients (Motorola) and tortiously interfered with Foster's contract and business advantage. These claims are related to the underlying litigation because the acts contained in the Third Party Complaint allegedly occurred during a bidding process between Catapult and Nethawk for the Motorola business. Therefore, we find that the facts relevant to the Third Party Complaint stem from facts at issue in the underlying litigation and are so interrelated as to form part of the same case or controversy.

In sum, because the First Amended Complaint in the underlying litigation is based upon federal question jurisdiction and because it and the Third Party Complaint stem from a common nucleus of operative fact, this Court has supplemental jurisdiction over the Third Party Complaint pursuant to 28 U.S.C. § 1367(a).

II. Personal Jurisdiction

Under Fed.R.Civ.P. 12(b)(2), an action against a party over whom the Court lacks personal jurisdiction must be dismissed. A complaint need not include facts alleging personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 715 (7th Cir. 1998). However, if the defendants move to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing a prima facie case of personal jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). The Court may receive and consider affidavits from the parties in determining whether it has personal jurisdiction. *Lakeview Tech., Inc. v. Vision Solutions, Inc.,* 2007 U.S. Dist. LEXIS 1333, *9 (N.D. Ill., January 9, 2007).

This Court has personal jurisdiction over Dr. Karp, a non-resident defendant, only if Illinois courts could assert such jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd. ,* 107 F.3d 1272,

4

1275 (7th Cir. 1997). In Illinois, a plaintiff must meet a two-step test for asserting personal jurisdiction over an out-of state defendant. First, the plaintiff must show that jurisdiction is proper under the Illinois long-arm statute. Second, after meeting the first requirement, the plaintiff must show that personal jurisdiction satisfies the constitutional due process standards. *Burnhope v. Nat'l Mortgage Equity Corp.,* 567 N.E.2d 356 (Ill. App. Ct. 1990).

Under the Illinois long-arm provision, a court may exercise jurisdiction over non-resident defendants "as to any cause of action arising from" the commission of a tortious act within the state. 735 ILCS 5/2-209(a)(2). To satisfy the requirements of federal due process, the non-resident defendant must have sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). In determining whether sufficient minimum contacts exist, courts consider whether a defendant could "reasonably anticipate being haled into court" in Illinois. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). A defendant satisfies this requirement by intentionally directing his activities at forum state residents and the cause of action arises out of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

In this case, Dr. Karp argues that this Court does not have personal jurisdiction over him for two reasons: 1) he is entitled to a "fiduciary shield" for his activities in Illinois; and 2) he does not have the requisite "minimum contacts" necessary to support personal jurisdiction. We will address each argument in turn.

First, under the fiduciary shield doctrine, an officer of a corporation may be shielded from the forum state's jurisdiction if his or her contacts with the forum state are limited to those

5

performed on behalf of the corporation. *See Olilnski v. Duce,* 508 N.E.2d 398, 400 (Ill. App. Ct. 1987). However, the fiduciary shield doctrine is an equitable or discretionary doctrine, rather than an absolute entitlement. *Burnhope,* 567 N.E.2d at 363. In evaluating whether it is equitable to apply the doctrine, courts consider: 1) whether the individual's personal interests motivated his actions; and 2) whether the individual's actions were discretionary. *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.,* 2009 WL 57455 at *6 (N.D. Ill. Jan. 7, 2009). The extent to which the individual seeking protection under the doctrine is a shareholder or has a direct financial stake in the corporations's health may bear on the court's inquiry. *Id.*

We find that Dr. Karp is not entitled to the fiduciary shield doctrine. As Catapult's CEO, Dr. Karp had considerable discretion in his actions on behalf of the corporation. Moreover, Dr. Karp is the corporation's largest shareholder and has great interest in Catapult's financial success. Therefore, because Dr. Karp's acts were discretionary and because he had a significant financial stake in the company, the fiduciary shield doctrine is not available to him. *See, e.g., C.S.B. Commodities, Inc.,* 2009 WL 57455 at *6, citing *Margulis v. Med. Parts Int'l, Inc.,* 1999 WL 183648 at *5 (N.D. Ill. March 25, 1999) ("The fiduciary shield defense is unavailable to high-ranking company officers and shareholders [because they] have a direct financial stake in the company's success and therefore can be subjected to personal jurisdiction for actions that result in both personal and corporate benefit."). For these reasons, we find that Dr. Karp is not entitled to the fiduciary shield doctrine.

Dr. Karp next argues that this Court lacks personal jurisdiction over him because he does not have regular, continuous or systematic contacts with the State of Illinois. We disagree. Although Dr. Karp is a resident of California, the facts establish that he has traveled to Illinois

on at least five occasions during the past five years for business. Moreover, it is alleged that Dr. Karp sent letters into the State of Illinois to at least one company, Motorola. We find that such actions constitute systematic contacts such that this Court has personal jurisdiction over Dr. Karp, a conclusion not vigorously contested by Dr. Karp in his brief.

## CONCLUSION

For the foregoing reasons, we deny the motion to dismiss filed by Third Party Defendant Dr. Richard Karp [#100]. It is so ordered.

_____
Wayne R. Andersen

United States District Court


Dated: May 27, 2009