UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATAPULT COMMUNICATIONS CORP., | ) | |
| | ) | Case No. 06 CV 6112 |
| PLAINTIFF, | ) | |
| | ) | Judge Andersen |
| v. | ) | |
| | ) | |
| LEWIS FOSTER, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

### LEWIS FOSTER'S OPPOSITION TO MOTION TO COMPEL PAYMENT OF EXPERT WITNESS FEES

In Opposition to Catapult Communication Corporation's ("Catapult") Motion to Compel Payment of Expert Witness Fees, Lewis Foster ("Foster"), by and through his undersigned counsel, states as follows:

### ARGUMENT

1. **The Sums For Which Catapult Seeks Reimbursement are Unreasonable and Some Are Not Reimbursable At All**

In the instant motion, Catapult seeks $16,409.80 in reimbursement for fees purportedly charged by Dennis McWilliams and Chase Perry, Catapult's expert witnesses, for preparing for and attending depositions—each of which lasted two hours or less. Despite the short duration, Catapult seeks reimbursement for over 47 hours of its experts' time. Foster offered to pay for six hours of Perry's time, or $2,700.00 and declined to pay for McWilliams' fees because Foster filed a motion to disqualify him. Catapult's counsel refused Foster's offer and when Foster moved to disqualify McWilliams, this motion ensued.

### A. *McWilliams*

#### i. Catapult is Not Entitled to Reimbursement of McWilliams' Fees Because He Should be Disqualified

As an initial matter, Catapult is not entitled to reimbursement for fees charged by McWilliams. As set forth in Foster's Motion to Disqualify McWilliams, his testimony should be excluded because it is without foundation and is therefore unreliable. Moreover, McWilliams should be disqualified because Catapult's attorney refuses to produce all documents on which McWilliams purportedly relied, a violation of Fed. R. Civ. Proc. 26. Accordingly, Foster should not have to reimburse Catapult for fees charged by a purported expert whose testimony is wholly incredible, unreliable and should be excluded. *See e.g. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493-94 (N.D. Ill. 1997) (holding that if an expert is barred from testifying, fees charged by the expert on connection with his deposition would not be reimbursable).

#### ii. The Amount of Time McWilliams Purportedly Spent Preparing for His Deposition Is Unreasonable

Catapult seeks reimbursement for 16 hours of Mr. McWilliams' time purportedly spent responding to a deposition subpoena and preparing for his deposition. A deposition which, inclusive of breaks, lasted 1 hour and 48 minutes.

Federal Rule of Civil Procedure 26(b)(4)(C) provides that a party seeking discovery from an opponent's expert must pay "a reasonable fee" for time spent by the expert responding to discovery. "Rule 26(b)(4)(C) gives the court discretion to order the seeking party pay the responding party a ***fair portion*** of the fees and expenses incurred in obtaining information from the expert." *Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592 (N.D. Ill. April 8, 2008)(emphasis added).[1] The vast majority of the fees for which Catapult seeks reimbursement is time its experts spent preparing for

---

1 Unreported cases may be found in Exhibit A.

deposition. However, there is no clear consensus in this district whether a litigant must pay for the time spent by an opponent's expert to prepare for a deposition. *Compare Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45 (N.D. Ill. 1989) and *McBrian*, 173 F.R.D. at 491 (holding that an expert's deposition preparation time was not reimbursable) with *Waters v. City of Chicago*, 526 F. Supp.2d 899 (N.D. Ill. 2007) and *Fairley*, 2008 WL 961592 at *5 (holding that preparation time is reimbursable).

Regardless of whether an expert's preparation time is reimbursable, seeking reimbursement for 16 hours to prepare for a deposition that lasts less than two hours is simply unreasonable. The ratio of Mr. McWilliams' preparation time to time actually spent in deposition is 9 to 1. Requesting reimbursement for such fees runs afoul of Rule 26. For instance, in *Collins v. Village of Woodridge*, 197 F.R.D. 354, 358 (N.D. Ill. 1999), the court denied a request to reimburse expert fees at a ratio of 3 to 1 finding the request unreasonable. Instead, the Court permitted reimbursement at a rate of one and one half times the length of the deposition. In the case at bar, the ratio of Mr. McWillams purported preparation time is three times greater than what *Collins* found unreasonable. Thus, Catapult's request is beyond unreasonable and should be denied.

Additionally, although Catapult would lead the Court to believe that the deposition subpoena served on its experts required them to engage in unusual or extraordinary work, such intimations are simply false. Although Catapult describes the subpoena as seeking "20 different categories of documents," the subpoenas simply requested that the experts attend a deposition and included a common document rider requesting the experts to produce their file as required by Rule 26. Copies of the subpoenas are attached to Catapult's motion.

          iii.      **Fees Charged By Mr. McWilliams' Paralegal are Not Recoverable**

Catapult seeks to recover 2.3 hours at $205.00 an hour, or $471.00 in fees, charged for Mr. McWilliams' paralegal. First, charging $205.00 an hour for a paralegal is simply too high. Many attorneys do not charge such an hourly rate. However, regardless of the reasonableness of the rates, such fees are not recoverable. *See Profile Prod., LLC v. Soil Mgmt. Tech., Inc.*, 155 F. Supp. 2d 880, 887 (N.D. Ill. 2001)(noting that Fed. R. of Civ. Proc. 26 "says the that the party seeking discovery must pay 'the expert' for time reasonably spent in responding to discovery. No fees will be awarded for the associates time.")

    **B.**    *Perry*

          i.      **Perry's Fees Are Also Unreasonable, Include Time Spent Preparing With Catapult's Attorney and Include Billing By Perry's Assistant.**

Perry purportedly spent more time than McWilliams responding to the deposition subpoena and preparing for his deposition. Like McWilliams' deposition, Perry's deposition was short. It lasted little more than two hours. Despite such a short duration, Perry and his assistant engaged in 24 hours of preparation time. As noted above, sums billed by Perry's assistant are not reimbursable and should be excluded. However, even deducting the two hours of time charged by Perry's assistant, Catapult seeks reimbursement of 22 hours of Perry's time preparing for deposition. A ratio of 11 to 1 in preparation time against deposition time. Again, Catapult's demand for such sums is unreasonable and not sanctioned by Rule 26.

More significantly, Catapult seeks reimbursement of 4 hours of Perry's time spent preparing for his deposition with Catapult's counsel. As noted in *Rhee*, "time spent 'preparing' for a deposition entails not only the expert's review of his conclusions and their basis, but also

consultation between the responding party's counsel and the expert to prepare the expert to best support the responding party's case and to anticipate questions from seeking party's counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial . . . One party need not pay for the other's trial preparation." *Rhee*, 126 F.R.D. at 47. Accordingly, because the expert fees for which Catapult seeks reimbursement are unwarranted and unreasonable, they should not be reimbursed by Foster.

### 2. **To Resolve this Matter, the Parties Should Simply Bear Their Own Expert Costs**

In an effort to resolve this matter, Foster is willing to agree to a common practice observed among litigants that each side bear its own expenses and costs billed by their experts to prepare for and attend depositions.

### CONCLUSION

For the foregoing reasons, Catapult's motion should be denied and the parties should be ordered to bear their own expert fees.

Dated: July 24, 2009

                                        **Respectfully Submitted,**

                                By:    **/s/ Chad Main**
                                          **Attorneys for Defendant**

Michael I. Leonard
Chad W. Main
Meckler, Bulger Tilson Marick & Pearson LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312)474-7925 (phone)
(312)474-7898 (fax)
m:\11141\pleading\opp expert fees.doc

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Theodore Becker
MORGAN LEWIS & BOCKIUS
77 W. Wacker Drive
5th Floor
Chicago, IL 60601
(312)324-1000
(312)324-1001 (fax)
tbecker@morganlewis.com

J. Pat Heptig
Heptig Law Group, Ltd.
One Lincoln Center
5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240

/s/ Chad W. Main
MECKLER BULGER TILSON MARICK &
PEARSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900 - Telephone
(312) 474-7898 – Facsimile