MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATAPULT COMMUNICATIONS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 06 C 6112 |
| v. | ) ) ) | Judge Wayne R. Andersen |
| LEWIS N. FOSTER, | ) ) | Magistrate Judge Martin C. Ashman |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Catapult Communications Corporation ("Plaintiff"), sued Lewis N. Foster ("Defendant"), for breach of contract, trade secret misappropriation, and computer fraud. Currently before this Court is Plaintiff's Petition for Attorneys' Fees and Costs ("Plaintiff's Petition" or "Petition"). This Court rules on this Motion under Judge Wayne R. Andersen's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the reasons stated below, Plaintiff's Motion is granted in the amount of $4,370.00 and denied as to the remaining balance.

### I. Background

This Petition relates to a motion to compel Plaintiff brought on March 31, 2009. After Defendant responded, Plaintiff filed a reply on April 23, 2009. At the May 8, 2009, hearing, this Court granted Plaintiff's motion, awarding Catapult costs and expenses as sanctions under FED. R. CIV. P. 37 ("Rule 37").

Defendant then filed a Motion to Reconsider Award of Attorneys' Fees on June 3, 2009. This Court heard argument on that motion on June 5, 2009, denying it at that time. On June 12, 2009, Plaintiff filed the Petition currently before this Court. Defendant responded on June 26, 2009, and Plaintiff replied on July 10, 2009. Plaintiff seeks fees and costs associated with bringing the motion to compel and responding to Defendant's motion for reconsideration, as well as those incurred in bringing the current Petition. (Pl.'s Pet. 1-4; Pl.'s Reply 7.)

## II. Discussion

In its response, Defendant makes several arguments that this Court previously rejected when it denied Defendant's motion for reconsideration on June 12, 2009. These contentions were based largely on the claim that Plaintiff did not act in good faith under FED. R. CIV. P. 37(a)(5)(A)(i). (*See* Def.'s Resp. 1-3.) The Court will not duplicate its analysis–those arguments have no merit.

The primary issue, then, is the reasonableness of the attorneys' fees Plaintiff requests. Plaintiff's Petition requests $10,420.00 for 29.7 hours–22.4 billed by a partner and 7.3 billed by an associate–spent in bringing the motion to compel and the motion for reconsideration, as well as $1,400.00 for 3.5 hours the partner spent in bringing this Petition, for a total of $11,820.00. (Pl.'s Pet. 1-2; Pl.'s Reply 7-8.) The partner's billing rate was $400.00 per hour; the associate's billing rate was $200.00 per hour. (Pl.'s Pet. 2.)

In making its determination of reasonableness, the Court is mindful of the Seventh Circuit's recent admonition in *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, No. 08-4276, Slip Op. at 8 (7th Cir. 2009) (citing *Eddleman v. Switchcraft, Inc.*, 927 F.2d 316,

- 2 -

317-20 (7th Cir. 1991)), that "[it] [has] reversed when [it] could not discern whether the district court arrived at its fee award by using the proper factors." Since this is not a case involving "substantial fees," the Court provides sufficient but not excruciating detail as to how it arrives at its reasonableness determination. *Id.* at 9 ("When substantial fees are at stake, the district court must calculate the award with greater precision. But when fees are less substantial, we may affirm so long as the district court exercised its discretion in a manner that 'is not arbitrary and is likely to arrive at a fair fee'." (citations omitted) (quoting *Evans v. City of Evanston*, 941 F.2d 473, 476-77 (7th Cir. 1991)).

The nature of the work performed in this case was not complex. The motion to compel consisted of mainly describing the relevant background information and the interrogatories that were incomplete, explaining the deficiencies in the latter. Plaintiff cited not one legal authority to support its argument, which was entirely factual. As the work was not complex, Plaintiff cannot justify a partner, who charges $400.00 per hour, billing 17.8 hours on the motion. (Pl.'s Pet. 2.) Most of this work should have been done by the assisting associate attorney, whose billing rate ($200.00) reflects a reasonable amount for the type of work involved.

Additionally, Plaintiff includes in its Petition time spent reviewing the original and incomplete interrogatories supplied by Defendant. That inclusion is in error–these are documents Plaintiffs would have reviewed *regardless* of whether it had to file a motion to compel. Therefore, those fees are not compensable at all.

Plaintiff also seeks fees for time spent responding to Defendant's motion to reconsider.[1] Defendant argues that "there is no legal basis for" awarding fees on the motion to reconsider. It argues that Rule 37 "permits only the award of 'the movant's reasonable expenses incurred in making *the motion*, including attorney's fees.'" (Def.'s Resp. 4 (quoting FED. R. CIV. P. 37(a)(5)(A)) (emphasis in original).) The Court finds that argument specious. If only the original motion to compel were compensable, the fee-shifting provision of Rule 37 would have little effect. A motion for reconsideration that attacks the original motion to compel could cost as much or more as the original motion itself; limiting the fees to the original motion, therefore, would not "deter a party from pressing to a court hearing frivolous requests for or objections to discovery." FED. R. CIV. P. 37(a)(4) advisory committee's note on 1970 Amendments. For that reason, the Court finds that, under Rule 37, the fees incurred in responding to Defendant's motion for reconsideration are compensable.

Because Plaintiff spent an unreasonable amount of time on a motion that lacked complexity, and because Plaintiff billed for some activity that was not compensable under Rule 37, the Court reduces the amount of hours recoverable to 14.85. When multiplied by the court-imposed rate of $200 per hour, the total amount recoverable equals $2,970.00.

Lastly, Plaintiff seeks fees for bringing this Petition. The Court agrees that attorneys' fees incurred in bringing fee petitions are recoverable under Rule 37. *See In re Stauffer Seeds, Inc.*,

---

[1] Defendant argues further that Plaintiff's reply brief on the motion to compel was unnecessary because Defendant notified Plaintiff it would "supplement the discovery responses as requested." (Def.'s Resp. 4.) But Defendant's e-mail stated it would "agree to supplement/amend the responses at issue" by April 23 (Pl.'s Reply 3); it did not state that those responses would conform to the motion to compel, and, as Plaintiff points out, it "did not agree to pay [Plaintiff's] expenses in bringing the motion" (Pl.'s Reply 3). Therefore, the Court rejects Defendant's argument.

817 F.2d 47, 50 (8th Cir. 1987) ("Recoverable time may include any hours not already awarded spent by Chicago counsel preparing its fee affidavits for time and services . . . ."). Here, Plaintiff's attorney, a partner, spent 3.5 hours in preparing the Petition and a Reply. The Court finds that both the amount and the time spent are reasonable. Therefore, Plaintiff is entitled to the fees it incurred in bringing this Petition at a rate of $400 per hour. Thus, the total amount recoverable for time spend on this Petition equals $1,400.00.

Making the necessary deductions–i.e., considering the lack of complexity, the partner's billing rates, and the non-compensable review of the discovery produced–the Court determines Plaintiff is entitled to an award in the amount of $4,370.00.

### III. Conclusion

For the aforementioned reasons, this Court grants Plaintiff's Petition in the amount of $4,370.00 and denies the Petition as to the remaining balance.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: August 25, 2009.