**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CATAPULT COMMUNICATIONS** | ) | |
| **CORPORATION**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 6112 |
| | ) | |
| v. | ) | Judge Wayne R. Andersen |
| | ) | |
| **LEWIS N. FOSTER**, | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Catapult Communications Corporation ("Plaintiff"), sued Lewis N. Foster

("Defendant"), for breach of contract, trade secret misappropriation, and computer fraud.

Currently before this Court is Catapult Corporation's Motion to Compel Payment of Expert Fees

("Plaintiff's Motion" or "Motion"). This Court rules on this Motion under Judge Wayne R.

Andersen's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the

reasons stated below, the Court grants Plaintiff's Motion in the amount of $15,992.30.

### I.   Background

The facts pertaining to this Motion involve two experts retained by Plaintiff: Dennis

McWilliams ("McWilliams") and Chase Perry ("Perry"). (Pl.'s Mot. to Compel Payment ("Pl.'s

Mot.") 2.) Plaintiff designated McWilliams as an expert to opine on attorneys' fees. (*Id.*)

McWilliams' expert report, signed October 6, 2008, consisted of fifteen written pages and

thirty-six pages of exhibits (eleven total exhibits). (*Id.* at Ex. A.) McWilliams prepared his report

by reviewing twenty pleadings, more than two years worth of billing statements, and twenty other

documents. (Pl.'s Mot. 2.) In a separate order, the Court found that McWilliams was qualified as an expert, but could not opine on certain portions of the attorneys' fees. (Dckt. 205.)

Plaintiff designated Perry as an expert to opine on financial damages, which took the form of a reasonable royalty. (Pl.'s Mot. 2.) Perry signed his expert report on December 18, 2008. The report consisted of nineteen written pages, four spreadsheets of damages calculations, and two exhibits that totaled seven pages. (*Id.* at Ex. B.) To prepare his report, Perry reviewed these and other documents, including thirteen deposition transcripts. (*Id.* at 2–3.)

McWilliams and Perry spent additional time responding to subpoenas, which Defendant issued on January 27, 2009, under Federal Rule of Civil Procedure 45 ("Rule 45"). (*Id.* at 3, Ex. C–D.) The subpoenas sought the depositions of McWillams and Perry, as well as twenty categories of documents, ranging from the expert's curriculum vitae to "[a]ny correspondence or communications with any person regarding Catapult Communications Corporation, Nethawk Corporation (or any of its affiliates), or Lewis Foster." (Pl.'s Mot. 3, Ex. C at 2–3; *id.* at D at 2–3.) One subpoena commanded McWilliams to produce these documents by February 12, 2009, and be deposed by February 19, 2009. (Pl.'s Mot. 3, Ex. C.) The other subpoena commanded Perry to produce documents by February 26, 2009, and appear for his deposition by March 5, 2009. (Pl.'s Mot. 3, Ex. D.)

McWilliams and Perry complied with both document requests, with McWilliams producing 517 pages and Perry producing "144 objects on a CD, with respective subfolders for the types of objects produced." (Pl.'s Mot. 3.) The depositions went forward as well: Defendant deposed McWilliams on February 19, 2009, for approximately two hours, and deposed Perry on March 27, 2009, for approximately three hours. (Pl.'s Mot. 3.)

These experts then submitted invoices to Defendant for the time spent responding to the subpoenas. (Pl.'s Mot. 3.) The time included 6.1 hours spent by McWilliams reviewing the subpoena and identifying and gathering documents for production, 11.8 hours spent by McWilliams preparing for and attending his deposition, four hours spent with Plaintiff's attorney, and 2.3 hours spent by McWilliams' paralegal preparing the documents for production. (Pl.'s Mot. 3; Ex. E.) The fees for this time amounted to $9,511.00. On March 23, 2009, Plaintiff requested only $6,329.80 of the $9,511.00, which represented 9.8 hours of McWilliams' time and 2.3 hours of his paralegal's time. (Pl.'s Mot. 3–4, Ex. E.) This decreased amount reflected deductions of four hours McWilliams' spent with his attorney, as well as three additional hours. (Pl.'s Mot., Ex. E at 1.)

Perry's time included four hours (three by Perry and one by his assistant) responding to the document requests, sixteen hours (fifteen by Perry and one by his assistant) preparing for the deposition, four hours meeting with Plaintiff's counsel prior to the deposition, and three hours attending the deposition. (Pl.'s Mot. 4.) The total fees for this time equaled $11,880.00. On April 8, 2009, Plaintiff then sent an invoice to Defendant, requesting only $9,765.00, which reflects deductions of the four hours Perry spent meeting with Plaintiff's counsel and one hour of time spent by Perry's assistant. (Pl.'s Mot. 4, 9; Pl.'s Reply 6, 7.) Because this matter remains unresolved—and Defendant has yet to pay any fees—Plaintiff filed this motion requesting fees totaling $16,094.80: $6,329.80 for McWilliams and $9,765.00 for Perry. (Pl.'s Mot. 4–5; Pl.'s Reply 6–7.)

## II.    Discussion

In opposition to this Motion, Defendant makes several arguments. As to McWilliams,

Defendant argues that none of his fees are reimbursable under Federal Rule of Civil Procedure 26

("Rule 26") because McWilliams cannot act as an expert. (Def.'s Opp'n to Pl.'s Mot. ("Def.'s

Opp'n") 3.) Defendant also claims that McWilliams spent an unreasonable amount of time

preparing for his deposition, and that the work of McWilliams' paralegal is not recoverable.

(Def.'s Opp'n 3–4.) As to Perry, Defendant argues that Perry spent an unreasonable period of time

preparing for his deposition, and that his assistant's fee is unreasonable and time is not

compensable. (Def.'s Opp'n 4–5.) Defendant does not challenge the reasonableness of the rates

charged by either expert. The Court addresses these arguments as they relate to each individual.

Before doing that, however, the Court discusses the relevant law. Rule 26(b)(4)(C)(i)

requires the party seeking expert discovery to "pay the expert a reasonable fee for time spent in

responding to discovery under Rule 26(b)(4)(A) or (B)." When the discovery takes place under

26(b)(4)(B), the party seeking it must "pay the other party a fair portion of the fees and expenses

it reasonably incurred in obtaining the expert's facts and opinions." FED. R. CIV. P.

26(b)(4)(C)(ii). The phrase "time spent in responding to discovery" includes the time the expert

spent preparing for and attending depositions. *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 155

F. Supp. 2d 880, 886 (N.D. Ill. 2001); *Collins v. Village of Woodridge*, 197 F.R.D. 354, 357–58

(N.D. Ill. 1999); *Fairley v. Andrews*, No. 03-5207, 2008 WL 961592, at *5 (N.D. Ill. Apr. 8,

2008). But discovery includes more than merely depositions—requests for documents upon

which the expert relied constitute part of discovery under Rule 26(b)(4)(A)–(B) (i.e., discovery

related to the experts' opinion). These expenses also are recoverable. *See Nilssen v. Osram*

*Sylvania, Inc.*, No. 01-3585, 2007 WL 257711, at *4 (N.D. Ill. Jan. 23, 2007); *Artistic Carton*

*Co. v. Thelamco, Inc.*, No. 06-316, 2008 WL 2622806, at *3 (N.D. Ill. June 30, 2008); 6

MOORE'S FEDERAL PRACTICE § 26.80 (3d ed. 2004) ("Unless manifest injustice would result, the

court will require the party seeking discovery to pay the expert a reasonable fee for the time spent

in responding to any discovery demands. This includes time spent responding to subpoenas

seeking documents as well as time spent on depositions.") (footnotes omitted). Additionally,

expert fees are recoverable even where an expert's testimony has been partially excluded,

provided the party opposing fees has failed to show that manifest injustice would result from

awarding them. *See Fairley*, 2008 WL 961592, at *4–5 (awarding fees incurred by the expert in

responding to discovery, despite having excluded two thirds of the expert's testimony).


### A.     McWilliams' Fees

Defendant's first argument—that a partially excluded expert cannot recover fees—is

rejected. As noted, parties can recover fees for time spent responding to discovery, even where

the expert's testimony has been partially excluded.[1] That's exactly what happened here: in another

order, the Court partially excluded McWilliams' testimony. Defendant has not shown or

suggested why manifest injustice would result from reimbursement of these fees.

Defendant also complains that McWilliams' sixteen hours of preparation time for his

deposition, which took two hours, was unreasonable. But, as Plaintiff aptly points out, the actual

---

[1] Defendant has not challenged the reasonableness of McWilliams' rate. Therefore, the Court does not comment on the reasonableness of McWilliams' rate. Defendant does, however, challenge the reasonableness of the rate of McWilliams' paralegal, which the Court addresses below.

preparation time was around 5.8 hours. (Pl.'s Reply 3.) In fact, Plaintiff requested fees for a total

of only 11.6 hours of McWilliams' time. Based on the amount of materials that McWilliams

needed to review to prepare for his deposition, the Court finds that 5.8 hours was a reasonable

amount of time. The fact that the deposition lasted for two hours, instead of six or seven, is not

material. McWilliams needed to be prepared for the deposition, however long it might last.

Because he could not know exactly how long the deposition would go, he cannot be faulted for

preparing himself for uncertainties—especially given the amount of time in which he did so. The

other time spent reviewing and responding to the subpoena (6.1 hours) also was reasonable, as

the categories of documents requested went beyond the items one could reasonably expect under

Rule 26(a)(2).

 Finally, Defendant claims that McWilliams cannot be reimbursed for the time his

paralegal spent assisting him. It also contends that a rate of $205.00 per hour is too high. For

support, Defendant cites *Profile Products*, 155 F. Supp. 2d at 887, which held that the time the

expert's associate spent responding to discovery was not compensable. This Court, however,

disagrees. If the paralegal had not engaged in this activity, the expert would have done so.

 Nevertheless, a rate of $205.00 per hour is closer to that of an attorney than a paralegal.

Therefore, the Court reduces paralegal's rate to $130.00. Thus, for her 2.3 hours of work, Plaintiff

is entitled to $299.00, reduced from $471.50. For these reasons, these fees are compensable. In

sum, the Court finds that all of these fees—in the amount of $6,157.30—are compensable and

reasonable.

### B.    Perry's Fees

The arguments Defendant makes as to Perry's fees are essentially the same as it makes as to McWilliams' fees: Perry spent too much time preparing for his deposition, and his assistant's fees are not recoverable. (Def.'s Opp'n 4–5.) Because Defendant has not contested the reasonableness of the rate charged by Perry or his assistant, the Court does not evaluate that issue. The Court already addressed the compensability of assistants' fees—they are recoverable. Additionally, Plaintiff has agreed to reduce this time by one hour, bringing his assistant's total time to one hour. Thus, the one hour of time Perry's assistant spent helping him is recoverable.

Defendant also challenges the "[twenty-two] hours . . . [Perry] [spent] preparing for [his] deposition." (Def.'s Opp'n 4.) But Plaintiff seeks reimbursement for only fifteen hours of time preparing for a deposition. In light of the amount and complexity of information Perry had to review—including thirteen depositions, four spreadsheets of data, and other supporting documents—to be prepared for his deposition on damages, the Court finds this amount of time reasonable.

Lastly, Defendant argues that the four hours Perry spent meeting with counsel is not compensable. Plaintiff rightly points out that they are not seeking fees for this time. Thus, the argument is moot. For all of the aforementioned reasons the amount of time spent by Perry and his assistant was reasonable. Therefore, Plaintiff is entitled to fees for Perry's work, totaling $9,765.00.

### III. <u>Conclusion</u>

Based on the foregoing, this Court grants Plaintiff's Motion. Plaintiff is entitled to fees totaling $15,922.30. This amount represents the sum of the fees owed to Perry ($9,765.00) and McWilliams ($6,157.30) for the reasonable time spent responding to discovery under Rule 26(b)(4)(A) or (B).

**ENTER ORDER:**

_____

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: February 19, 2010.