IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATAPULT COMMUNICATIONS CORPORATION, | ) ) ) |
| Plaintiff, | ) Case No. 06 C 6112 ) |
| v. | ) Judge Wayne R. Andersen ) |
| LEWIS N. FOSTER, | ) Magistrate Judge ) Martin C. Ashman |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Catapult Communications Corporation ("Plaintiff"), sued Lewis N. Foster ("Defendant"), for breach of contract, trade secret misappropriation, and computer fraud. Currently before this Court is Defendant's Motion to Exclude Expert Witness Testimony ("Defendant's Motion" or "Motion"). This Court rules on this Motion under Judge Wayne R. Andersen's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the reasons stated below, Defendant's Motion is granted in part and denied in part.

### I. Background

The relevant facts relate to a fee dispute between the parties, outlined in a separate opinion. (Dckt. 203.) In connection with that fee dispute, Plaintiff has designated an expert, Dennis McWilliams ("McWilliams"), to opine on the reasonableness of its attorneys' fees. (Def.'s Mot. to Exclude ("Def.'s Mot.") 2.) McWilliams is an attorney who has practiced intellectual property law in Chicago for over forty years. (Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), Ex. A at ¶¶ 5, 11.) Since 2003, he has been a partner in his firm. (*Id.*, Ex. A at ¶ 10.) From 2004 through

2006, McWilliams participated on the management committee of his firm. (*Id.*) He also co-chaired the intellectual property department at his firm from 2004 through 2007. (*Id.*) McWilliams' responsibilities as co-chair included setting hourly rates for partners, associates, and other members of the intellectual property department. (*Id.*, Ex. A at ¶ 12.) Through this work and other experience, McWilliams is familiar with the rates charged by lawyers in the field of intellectual property. (*Id.*, Ex. A at ¶¶ 12–13.) He has filed an expert report explaining how he reached his conclusions as to the reasonableness of Plaintiff's fees, which included using the factors under Illinois Rule of Professional Conduct 1.5(a). (*See generally* Pl.'s Opp'n, Ex. A.) In formulating this opinion, McWilliams consulted Plaintiff's legal bills. (Pl.'s Opp'n 5.) Many of these statements used "block billing," where several tasks of one individual are grouped together. (Def.'s Mot., Ex. B; Pl.'s Opp'n 6.) Additionally, in many cases the subject matter of the work performed has been redacted. (Def.'s Mot., Ex. B; Pl.'s Opp'n 6.)

## II. Discussion

Defendant's Motion seeks to exclude McWilliams' opinion because it does not satisfy the requirements under Federal Rule of Evidence 702 ("FRE 702") and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). FRE 702 controls the requirements of expert testimony. FED. R. EVID. 702 advisory committee's 2000 note; *U.S. v. Parra*, 402 F.3d 752, 758 (7th Cir. 2005) ("At this point, Rule 702 has superseded *Daubert* . . . ."). The party proffering the expert bears the burden of satisfying FRE 702. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

Under this Rule, the process for determining admissibility has three steps. *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). First, the witness must be "qualified as an expert by knowledge, skill, experience, training, or education." FED. R. EVID. 702; *Ervin*, 492 F.3d at 904. Second, the expert's testimony must be based on reliable methodology. *Daubert*, 509 U.S. at 589–90; *Ervin*, 492 F.3d at 904; FED. R. EVID. 702 (stating that the expert's opinion also must be the "product of reliable principles and methods," which "the witness has applied . . . reliably to the facts of the case"). Third, the expert's opinion "must assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin*, 492 F.3d at 904 (citing FED. R. EVID. 702); *Daubert*, 509 U.S. at 591. This Rule prescribes the court's role as a gatekeeper: it commands the court to prevent the inclusion of unreliable evidence that would "carry too much weight with the jury." *U.S. v. Ozuna*, 561 F.3d 728, 737 (7th Cir. 2009); FED. R. EVID. 702 advisory committee's 2000 note (stating that the 2000 amendment to FRE 702 was designed to affirm the trial court's role as a gatekeeper).

Defendant's arguments focus on FRE 702's first two requirements. First, Defendant argues that McWilliams is not qualified to be an expert. (Def.'s Mot. 5.) Second, Defendant argues that, even if McWilliams is qualified as an expert, his testimony is unreliable. (Def.'s Mot. 6.) Finally, Defendant argues that McWilliams testimony should be barred because Plaintiff failed to comply with Federal Rule of Civil Procedure 26 ("Rule 26"). The Court addresses the arguments below.

A.  **Expert Qualifications**

First, Defendant challenges McWilliams' qualifications to testify as an expert. Defendant argues that McWilliams does not have genuine expertise in his field because "his only experience evaluating the reasonableness of legal fees was in connection with his own practice." (Def.'s Mot. 6.) Additionally, Defendant notes that McWilliams has never before been retained as an expert. (*Id.*)

FRE 702 contemplates that a witness can qualify as an expert based on "'*practical experience* as well as academic or technical training.'" *Parra*, 402 F.3d at 758 (quoting *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000) (emphasis added)). Plaintiff has shown that McWilliams has sufficient practical experience to be qualified as an expert. This experience includes practicing law for over 40 years, with a focus on intellectual property issues; serving on his firm's management committee for two years; co-chairing his firm's intellectual property department for three years; and familiarizing himself with rates and services provided by intellectual property lawyers. This experience is sufficient to qualify McWilliams as an expert. The mere fact that McWilliams never has been *retained* as an expert is irrelevant. By that logic, *no witness* could ever qualify as an expert for the first time because that would require being retained *previously* as an expert. In sum, McWilliams' practical experience qualifies him as an expert.

B.  **Reliability**

In addition to contesting McWilliams' status as an expert, Defendant challenges the reliability of his testimony. In support of this argument, Defendant points to the bills McWilliams

reviewed, noting that billing was done in "blocks" and many descriptions of the subject matter of the work performed were redacted. (Def.'s Mot. 6.)

Plaintiff responds first that the redactions permitted McWilliams to render a reliable opinion because they still "allow[ed] the reviewer to determine what types of tasks (e.g., research, drafting of pleadings and motions; client consultations; conferences with opposing counsel, etc.) were being performed by whom," as well as the time spent on the tasks blocked together. (Pl.'s Opp'n 6.) Plaintiff also claims that block-billing does not render McWilliams unreliable because the Seventh Circuit has condoned its use, citing for support *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006), and *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008).

Unfortunately for Plaintiff, the cases it cites do not stand for the proposition that block-billing is sufficient information upon which an expert can render a reliable opinion. Those cases are merely about evidence of fees' reasonableness. The *Farfaras* court stated that, "[a]lthough 'block billing' does not provide the best possible description of attorneys' fees, it is not a prohibited practice." 433 F.3d at 569. In *Cintas*, the Seventh Circuit stated that "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." 517 F.3d at 469. Thus, the fact that a client paid the bills does not determine reasonableness; it is *evidence* of reasonableness. More importantly, though, the issue here is not the reasonableness of the fees per se; it is whether McWilliams can reliably base an expert opinion on redacted, block-billed entries.

The Court finds he cannot: McWilliams could not reliably say—based only on the general task descriptions grouped together (e.g., conference call, reviewing letter, responding to letter)

and the individual performing them—whether the bills were reasonable. Without knowing the subject matter of the work performed or the time spent on each task, McWilliams could only guess as to the reasonableness of the time spent on any specific matter, of which the subject matter was in many cases unknown. No expert—not even one trained in psychology—could discern how much time it would take to advise a client on an unknown subject, as some legal issues are simple and others are more complex. Knowing that a conference call and a meeting took place does not tell the reviewer whether the amount of time spent on either task was reasonable. An opinion on whether time spent on legal research was reasonable cannot be made reliably without knowing the subject being researched or the time spent on each task: the expert must know what the call and meeting were about and the time spent on each. Because the Court must prevent the admission of unreliable expert testimony that would "carry too much weight with the jury," *Ozuna*, 561 F.3d at 737, Plaintiff's argument fails.

Additionally, Plaintiff argued that McWilliams' testimony was given in accordance with Illinois Rule of Professional Conduct 1.5(a), which governs fees.[1] Plaintiff accurately points out

---

[1] This rule states:

> (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
>
> > (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> >
> > (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> >
> > (3) the fee customarily charged in the locality for similar

(continued...)

that McWilliams analyzed these factors in reaching his decision. (Pl.'s Opp'n, Ex. A ¶ 27–70.) The Court doesn't opine on whether these factors should be used to determine reasonableness by a finder of fact. But it notes that, even if the Court considered them, its decision would remain unaltered. For McWilliams to opine on the reasonableness of the fees *as an expert*, he must base his opinion on data and apply reliable methods to that data. It is not enough to know the total hours spent on a case and, generally, the work performed in that case. To know whether the time spent on those matters is a reasonable amount, the expert must know the subject matter of the bills and the time spent on each matter. Thus, McWilliams could not form a reliable opinion based on the information he had.

Finally, at oral argument, Plaintiff also suggested that McWilliams' ignorance of the work's subject matter or the division of work performed does not go to reliability of testimony, but instead to its weight. The Court disagrees. The Court has found that such ignorance makes the testimony *unreliable*, which is the key to the admissibility inquiry. Indeed, it would be

---

    [1](...continued)
        legal services;

        (4) the amount involved and the results obtained;

        (5) the time limitations imposed by the client or by the circumstances;

        (6) the nature and length of the professional relationship with the client;

        (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

        (8) whether the fee is fixed or contingent.

Ill. R. Prof. Conduct 1.5(a)(1)–(8).

curious if the Court acted as a gatekeeper of unreliable testimony but allowed such testimony to go before a jury, permitting its members to determine the testimony's reliability. *Ozuna*, 561 F.3d at 737. For all of the aforementioned reasons, the Court finds that, despite McWilliams' expertise, he could not formulate a reliable expert opinion as to the reasonableness of fees based on redacted or blocked-billed entries. That means that McWilliams may not opine on the reasonableness of the amount of total fees sought, or the reasonableness of billing entries that contain either redacted subject matter or block billing. McWilliams, may, however, opine on the reasonableness of rates for each individual.

### C. Rule 26

Defendant's final argument relates to Rule 26. Defendant argues that "McWilliams should be barred . . . [because] the sole basis for his opinion that block billing is appropriate was his reliance upon legal bills and from his . . . law firm," bills that Defendant requested but Plaintiff did not provide—even in redacted form. (Def.'s Mot. 7.) Because the Court already excluded McWilliams from testifying as to the reasonableness of Plaintiff's blocked bills, this issue is moot. McWilliams will not rely on his own firm's block-billing practice in forming his opinion, and so records that form the basis of such an opinion are no longer at issue.

## III. Conclusion

For the aforementioned reasons, this Court grants Defendant's Motion in part and denies it in part. McWilliams may not opine on the reasonableness of the amount of total fees sought, or

the reasonableness of billing entries that are block billed or contain redacted subject matter. McWilliams, may, however, opine on the reasonableness of rates for each individual.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: February 19, 2010.