**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CATAPULT COMMUNICATIONS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 6112 |
| | ) | |
| LEWIS N. FOSTER; | ) | Wayne R. Andersen |
| | ) | District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Lewis N. Foster's motion [172] for summary judgment. Plaintiff Catapult Communications Corp. has filed a three count complaint against Defendant, a former employee of Plaintiff, alleging misappropriation of trade secrets, breach of contract, and violation of the Computer Fraud and Abuse Act. For the following reasons, this Court grants Defendant's motion for summary judgment [172] with regards to Count III of Plaintiff's complaint but denies summary judgment [172] for Counts I and II.

BACKGROUND

Plaintiff, a seller of telecommunications testing equipment employed Defendant until March 2003. Defendant's employment contract with Plaintiff included a confidentiality agreement. Defendant subsequently left Plaintiff's employ and became a sales manager for Nethawk, one of Plaintiff's large competitors. In September 2006, Plaintiff filed this suit against Defendant after discovering that Defendant's hard drive at Nethawk contained Plaintiff's reports concerning price lists, marketing strategies, information regarding customers' requests and requirements, technical information, and other internal records.

Plaintiff alleges the following three counts against Defendant: (1) misappropriation of a trade secret in violation of the Illinois Trade Secrets Act, (2) breach of a confidentiality agreement, (3) and violation of the Computer Fraud and Abuse Act. Defendant filed the instant motion seeking summary judgment on all three counts. For the following reasons, this Court denies Defendant's motion with regards to Counts I and II and grants Defendant's motion with regards to Count III.

## LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to rebut the motion summary judgment, the non-moving party must present specific evidence. *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). A genuine issue of material facts exists only if "he evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 , 248 (1996). In evaluating a motion for summary judgment, the Court must construe all evidence and draw all reasonable inferences in a light most favorable to the non-moving party. *Id*. at 255.

## DISCUSSION

**A. Count I: Illinois Trade Secrets Act Claim**

With regards to Count I of Plaintiff's complaint against Foster, Foster is not entitled to summary judgment because genuine issues of material fact exist as to all three essential elements of Plaintiff's trade secret claim. A successful claim of trade secret misappropriation under the Illinois Trade Secret Act ("ITSA") consists of three elements: (1) existence of a trade secret; (2)

misappropriation of the secret through improper acquisition, disclosure, or use; and (3) damage to the trade secret owner as a result of the misappropriation. *Parus Holdings, Inc. v. Banner & Witcoff, Ltd.*, 585 F. Supp. 2d. 995, 1005 (N.D. Ill. 2008).

With regards to the existence of a trade secret, a genuine issue of material fact exists as to whether the information Defendant misappropriated qualifies as a "trade secret." Under the ITSA, whether information falls with the ambit of a "trade secret" depends upon the secrecy of the protected information. *Id.* Defendant argues that the pricing information was readily available to Plaintiff's customers and thus, not a secret. In opposition, Plaintiff claims that pricing information was never made available to customers without a confidentiality agreement. A genuine issue of material fact exists as to whether Plaintiff kept the pricing information secret.

Second, a genuine issue of material fact exists as to whether Defendant actually misappropriated the trade secret. The term "misappropriate" under the ITSA includes improper acquisition, disclosure or use. *Id.* Defendant argues Plaintiff has not offered evidence that Defendant used Plaintiff's alleged trade secrets; however, Plaintiff offers evidence that Defendant acquired trade secrets by accessing emails belonging to Plaintiff's employees and subsequently disclosed Plaintiff's information to Defendant's fellow Nethawk colleagues. Misappropriation, as defined by the statute, is not restricted to usage of the information. Thus, a genuine issue of material fact exists as to whether Defendant misappropriated Plaintiff's trade secrets.

Third, a genuine issue of material fact exists as to whether Plaintiff was damaged by Defendant's alleged misappropriation of Plaintiff's trade secrets. Under the ITSA, a plaintiff can be awarded actual damages or "a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret." 765 ILCS 1065/4(a). Defendant argues that Plaintiff was not

damaged by the alleged misappropriation. However, the ITSA states that Plaintiff can either show actual damages or provide an expert report regarding reasonable royalties. There is therefore a genuine issue of material fact with regards to damages.

### B. Count II: Breach of a Confidentiality Agreement Claim

This Court denies Defendant's motion for summary judgment on Count II of Plaintiff's complaint because there is a genuine issue of material fact regarding contract damages. In order to recover on a breach of contract claim, a plaintiff must show injury as a result of a breach of contract. *Master Tech Products, Inc. v. Prism Enterprises, Inc.*, 2002 WL 475192, *6 (N.D. Ill. 2002). Defendant argues that Plaintiff has not shown injury from Defendant's breach of a confidentiality agreement signed with Plaintiff. This court disagrees, as an issue of material fact remains.

Plaintiff claims two types of damages. First, Plaintiff offers evidence of damage through price erosion caused by the competitive advantage Defendant gained through breaching his confidentiality agreement. Second, Plaintiff claims damages resulting from prosecuting a separate lawsuit against Nethawk that centered on Defendant's misappropriation and sharing of Plaintiff's alleged trade secrets with Nethawk employees. Attorney's fees from litigation with a third party are recoverable as compensatory damages when the defendant's actions were a proximate cause of the litigation. *Nalivaika v. Murphy*, 120 Ill. App. 3d 773, 776 (Ill. App. 1983). Since Defendant's actions were at issue in the suit against Nethawk and Defendant was not actually a party to the suit, Plaintiff can recover for any damages it proves as a result of the Nethawk litigation. *See Ritter v. Ritter*, 381 Ill. 549, 555 (Ill. 1943) (stating that attorney's fees are recoverable as damages so long as the parties are not identical to those in the original third-party suit). Thus, this Court denies Defendant's motion for summary judgment because genuine

issues of material fact exist as to damages from price erosion and litigation expenses from the Nethawk suit.

### C. Count III: Computer Fraud and Abuse Act Claim

This Court grant Defendant's motion for summary judgment with regards to Count III of Plaintiff's complaint because Plaintiff's alleged losses fall outside those covered by the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. 1030. The CFAA provides a private right of action for "[a]ny person who suffers damage or loss by reason of a violation" of the statute. 18 U.S.C. 1030(g). Defendant argues Plaintiff's alleged losses do not fall within the ambit of "loss" as defined by the statute. This Court agrees.

The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. 1030(e)(11). However, "[c]osts not related to computer impairment or computer damages are not compensable under the CFAA." *SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 721 (N.D. Ill. 2009) (citing *Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F.Supp.2d 378, 382 (S.D.N.Y.2005)).

Plaintiff alleges losses in the form of fees and expenses it incurred from conducting forensic analysis on Defendant's Nethawk computer and from the Nethawk lawsuit. However, Plaintiff has not provided any evidence that its computers were damaged by Defendant's alleged unauthorized access of Plaintiff's files. Thus, Plaintiff's alleged losses do not fall with the ambit of the CFAA.

Furthermore, Plaintiff's alleged losses stem from Defendant's alleged misappropriation of trade secrets and breach of contract. Therefore, Plaintiff can be adequately compensated for any damages or losses in adjudicating those allegations. In summary, this Court grants Defendant's motion for summary judgment on Count III of Plaintiff's complaint.

## CONCLUSION

For the aforementioned reasons, this Court grants Defendant's motion for summary judgment [172] with respect to Count III of Plaintiff's complaint and denies Defendant's motion for summary judgment [172] with respect to Counts I and II.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:__ 7/30/2010_____