# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Wayne R. Andersen | **Sitting Judge if Other than Assigned Judge** | James F. Holderman |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6112 | **DATE** | 10/8/2010 |
| **CASE TITLE** | Catapult Communications Corp. vs. Lewis N. Foster | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "CATAPULT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER TO EXCLUDE PORTIONS OF McWILLIAMS'S EXPERT TESTIMONY" (Dkt. No. 209) are overruled, and the order (Dkt. Nos. 204, 205) of Magistrate Judge Martin Ashman is affirmed. The parties are ordered to comply therewith, and are encouraged to discuss settlement. The case is set for a report on status at 9:00 a.m. on November 2, 2010.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

Pending before the court is plaintiff Catapult Communications Corp.'s ("Catapult") objections to the February 19, 2010 order of Magistrate Judge Martin Ashman (Dkt. Nos. 204, 205) denying in part and granting in part the defendant Lewis N. Foster's ("Foster") motion to exclude Catapult's expert witness testimony from Dennis McWilliams ("McWilliams").

When considering an objection to a magistrate judge's ruling on a non-dispositive issue, this court will only "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This standard is "a high hurdle for those seeking to set aside magistrate judge orders on non-dispositive issues" because "the purpose for referral of such matters to magistrate judges would be thwarted if parties were entitled to *de novo* review and a second chance to argue discovery disputes already decided." *Nat'l Educ. Corp. v. Martin*, No. 93 C 6247, 1994 WL 233661, at *1 (N.D. Ill. May 26, 1994) (Marovich, J.).

In granting in part and denying in part Foster's motion to exclude Catapult's expert witness testimony, Magistrate Judge Ashman held that McWilliams' expert testimony on the reasonableness of attorney fees must be based on data that is reliable. (Dkt. No. 205 at 5-6.) According to Magistrate Judge Ashman, legal bills with only general descriptions of legal tasks (e.g. conference call, meeting, legal research) without reference to the actual subject matter of a task are not reliable data upon which McWilliams may base his expert opinion. (*Id*. at 6.)

Pursuant to Federal Rule of Evidence 702 ("FRE 702"), an expert's testimony must be based on a reliable methodology. This court has reviewed Catapult's arguments and finds no clear error in Magistrate Judge Ashman's findings or ruling.

| STATEMENT |
|---|

In support of Catapult's objections, Catapult essentially reformulates the same arguments with the same cited cases it presented to Magistrate Judge Ashman. However, as Magistrate Judge Ashman clearly stated in his order, "the cases [Catapult] cites do not stand for the proposition that block-billing is sufficient information upon which an expert can render a reliable opinion. Those cases are merely about evidence of fees' reasonableness." (Dkt. No. 205 at 5.) More importantly as it concerns Catapult's current objections, Catapult must present something more than essentially the same arguments that it brought before Magistrate Judge Ashman in order to clear the "high hurdle" of seeking to set aside Judge Ashman's order. Merely arguing that this court should apply the same law to reach a different result is not enough.

This court also rejects Catapult's assertion that "[t]he Magistrate's ruling is based upon the erroneous conclusion that the expert opinion was based <u>solely</u> upon the law firm invoices that were redacted for privilege and contained entries in block-billed format." (Dkt. No. 209 at 4.) Magistrate Judge Ashman specifically rejected McWilliams's expert opinion insofar as it was based on more general factors, such as the evidence cited by Catapult, finding "[i]t is not enough to know the total hours spent on a case and, generally, the work performed in that case." (Dkt. No. 205 at 7.) This court finds no error of apprehension in Magistrate Judge Ashman's analysis of the evidence.

In summary, Catapult's objections (Dkt. No. 209) to the February 19, 2010 order of Magistrate Judge Ashman denying in part and granting in part Foster's motion to exclude McWilliams's testimony (Dkt. Nos. 204, 205) are overruled and the order stands.

*James F. Holderman*