# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | James F. Holderman |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6112 | **DATE** | 10/8/2010 |
| **CASE TITLE** | Catapult Communications Corp. vs. Lewis N. Foster | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "LEWIS FOSTER'S OBJECTION TO MAGISTRATE'S OPINION AND ORDER MOTION TO COMPEL PAYMENT OF EXPERT WITNESS FEES" (Dkt. No. 210) is overruled, and the order (Dkt. Nos. 202, 203) of Magistrate Judge Ashman is affirmed. The parties are ordered to comply therewith, and are encouraged to discuss settlement. The case is set for a status report at 9:00 a.m. on November 2, 2010.

■[ For further details see text below.]    Notices mailed.

## STATEMENT

Pending before the court is defendant Lewis Foster's ("Foster") objection to the February 19, 2010 order of Magistrate Judge Martin Ashman (Dkt. Nos. 202, 203) granting plaintiff Catapult Communications Corp.'s ("Catapult") motion to compel the payment of expert witness fees.

When considering an objection to a magistrate judge's ruling on a non-dispositive issue, this court will only "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This standard is "a high hurdle for those seeking to set aside magistrate judge orders on non-dispositive issues" because "the purpose for referral of such matters to magistrate judges would be thwarted if parties were entitled to *de novo* review and a second chance to argue discovery disputes already decided." *Nat'l Educ. Corp. v. Martin*, No. 93 C 6247, 1994 WL 233661, at *1 (N.D. Ill. May 26, 1994) (Marovich, J.).

In granting Catapult's motion to compel payment of expert witness fees, Magistrate Judge Ashman held that Catapult was entitled to reimbursement of fees owed to Catapult's expert witnesses, Dennis McWilliams ("McWilliams") and Chase Perry ("Perry"), for "the reasonable time spent responding to discovery under Rule 26(b)(4)(A) or (B)." (Dkt. No. 203 at 8.) Magistrate Judge Ashman rejected Foster's argument that Catapult was not entitled to fees for an expert witness whose testimony was partially excluded by a separate court order also entered on February 19, 2010 (Dkt. Nos. 204, 205). Instead, Magistrate Judge Ashman found that Catapult was entitled to such fees pursuant to Fed. R. Civ. P. 26 and further found that Foster failed to show or suggest any manifest injustice resulting from an award of such fees. (Dkt. No. 203 at 4-6.) Finally, Magistrate Judge Ashman, in examining the fees sought by Catapult, found that McWilliams's and Perry's individual fees were reasonable and compensable, but reduced the compensable fee for McWilliams's paralegal who assisted McWilliams in preparing his expert testimony. (Dkt. No. 203 at 6, 8.)

## STATEMENT

Pursuant to Federal Rule of Civil Procedure 26, a party seeking expert discovery must "pay the expert a reasonable free for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)." When the discovery takes place under 26(b)(4)(B), the party seeking it must "pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions." Fed. R. Civ. P. 26(b)(4)(C)(ii). This court has reviewed Foster's arguments and finds no clear error in Magistrate Judge Ashman's findings and ruling, nor any part of the order that is contrary to law.

In support of Foster's objection, Foster argues that Magistrate Judge Ashman's order was contrary to law because it was manifestly unjust for Foster to reimburse Catapult for an expert witness who Foster claims, as a practical matter, is precluded from testifying about anything at trial due to Magistrate Judge Ashman's order on this issue. (Dkt. Nos. 204, 205.) Furthermore, Foster argues that the fees sought by Catapult for McWilliams and Perry are unreasonable.

First, Foster's argument that McWilliams, as a practical matter, is entirely precluded from offering any expert testimony is without merit. As clearly stated in Magistrate Judge Ashman's order barring certain expert testimony from McWilliams, McWilliams is only precluded from offering expert testimony based on certain unreliable data; McWilliams may still offer other portions of his expert testimony. (See Dkt. No. 205 at 8-9.) Second, Foster does not cite any authority from the Seventh Circuit or the U.S. Supreme Court that contradicts the law applied by Magistrate Judge Ashman. Third, Foster fails to show how Magistrate Judge Ashman's application of the law to the facts of this case was clearly erroneous. Merely arguing that this court should reach a different result is not enough.

In summary, Foster's objection (Dkt. No. 210) to the February 19, 2010 order of Magistrate Judge Ashman granting Catapult's motion to compel the payment of expert witness fees (Dkt. Nos. 202, 203) is overruled and the order stands.

*James F. Holderman*